UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIBEL A. AGUILAR,

    Plaintiff,

vs.                                  Case No.:

COMMERCIAL RECOVERY
SYSTEMS, INC.

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the State of Florida Consumer Collection Practices Act, § 559.72, Florida Statutes (hereinafter, "State Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.
## PARTIES

3. Plaintiff, MARIBEL A. AGUILAR is a natural person residing in Tampa, Hillsborough County, Florida.

4. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. (hereinafter referred to as "Defendant" or "COMMERCIAL RECOVERY") is a registered foreign corporation within the State of Florida engaged in the business of collecting debts with its principal place of business located at 8035 East R.L. Thornton, Suite 220, Dallas, Texas and is a "debt collector" as defined by the 15 U.S.C. §1692a(6).

## IV.
## FACTUAL ALLEGATIONS

6. Sometime before the facts noted below, Plaintiff incurred a financial obligation for the purchase of an automobile through Southeast Toyota Finance and World Omni Financial Corporation which was primarily for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely an amount due and owing on a personal account (hereafter the "Account").

7. Due to circumstances beyond Plaintiff's control the Account was not paid by Plaintiff and it went into default with the creditor.

8. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to Defendant, COMMERCIAL RECOVERY for collection.

9. Upon information and belief, sometime around May 15, 2009, Plaintiff began receiving telephone calls on her cellular telephone from the Defendant. Plaintiff would at times accept the telephone calls, attempting to make arrangements with

Defendant to make payment on the account. These telephone calls, as well as the telephone calls noted herein, each individually constitute a "communication" as defined by 15 U.S.C. §1692a(2). Plaintiff informed the representative of Defendant that she was aware of the debt but as her discussions with Defendant's representatives would indicate, she was financially unable to make payment. Plaintiff requested Defendant's representative not to make any further telephone calls to Plaintiff in an attempt to collect the above referenced debt and account. Furthermore, Defendant's representative was informed by Plaintiff that the cellular telephone number that he was calling was Plaintiff's personal cellular telephone. Plaintiff requested that the telephone calls cease. Defendant's representative was further informed by Plaintiff that the telephone calls were disruptive to Plaintiff, as some of the telephone calls were being received while Plaintiff was at work.

10. Also during this period of time Defendant's representative, without the permission of the Plaintiff, made several telephone calls to Plaintiff's place of employment. It was during these telephone calls that Defendant's representatives would leave messages on her voice mail system or would make contact with other employees where Plaintiff is employed. As the telephone calls continued, Plaintiff advised Defendant's representative not to call her at her place of employment as her employer prohibited such activity.

11. On or about Thursday, August 27, 2009, the telephone communications from Defendant's representative escalated in the degree of harassment. Upon information and belief, Defendant's representative, without the permission of the Plaintiff, contacted Plaintiff at her place of employment and left a voice message for the

Plaintiff. In response to this telephone communication, Plaintiff, being emotionally distraught as a result of the statements and constant harassment by Defendant, contacted the Defendant's representative and requested that they stop contacting her as she was aware of the debt but was not financially able to make payment. The representative for Defendant began yelling at Plaintiff. It was at this point that Plaintiff requested to talk to a supervisor. Plaintiff was transferred to an individual by the name of Mr. Powers. Mr. Powers informed Plaintiff that he had reviewed her credit report and noted that she had been making payment on her other debts and questioned Plaintiff why she could not pay this particular debt. In response to the constant harassment by Defendant's representative and the Supervisor, Mr. Powers, Plaintiff requested the establishment of a repayment plan. Mr. Powers stated that he would work with Plaintiff and would forward to Plaintiff a proposed repayment plan.

12. On or about Friday, August 28, 2009, an individual by the name of Marc Clark, Collection Manager for Defendant, sent a facsimile communication to Plaintiff at her place of employment. The proposed plan to work with Plaintiff was as follows:

> As an authorized representative of World Omni Financial Corp., Commercial Recovery Systems, Inc. will accept $2000.00 as full and final settlement owed its aforementioned client. No further funds will be due. Funds must be received no later than August 28, 2009 to avoid any further action.

13. Plaintiff called back to Defendant's representative and stated that she would not be able to secure the funds by today's date, August 28, 2009. The representative for Defendant stated that he would give her over the weekend until Monday, August 31, 2009 to secure the funds to pay the Account.

14. On Monday, August 31, 2009, Plaintiff contacted Defendant's

representative and informed him that she was not able over the weekend to secure funds to pay the debt as referenced in the Friday, August 28, 2009 letter. It was at this point that the representative for Defendant informed Plaintiff that Defendant would seek any and all means to obtain or secure possession of Defendant's present automobile.

15. On the evening of Monday, August 31, 2009, Plaintiff received a telephone call from Defendant's representative which was left on Plaintiff's cellular voice mail which basically threatened Plaintiff with the repossession of her motor vehicle and used additional threatening language which was laced repeatedly with the profane word "fuck".

16. In response to the suggestion by Defendant's representative that they would be reporting her present automobile to be stolen, Plaintiff contacted the Hillsborough County Sheriff's Office. In response, a Deputy Sheriff, J. Burgos, Badge Number 11383, was dispatched to her house and a report was filed.

17. On or about September 1, 2009, when Plaintiff reported to work, she noticed that she had at least four (4) telephone messages on her voice mail from Defendant's representatives. These messages were at Plaintiff's place of employment. The messages were left on August 31, 2009 and the morning of September 1, 2009. The basic statements of the Defendant's representatives were that they were going to secure possession of Plaintiff's automobile and that these were Plaintiff's final warnings from Defendant.

18. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency

relationship with their principal, COMMERCIAL RECOVERY.

19. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, COMMERCIAL RECOVERY.

21. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the Fair Debt Collection Practices Act, Florida Consumer Practices Act and Florida tort law, in their attempts to collect this debt from Plaintiff.

## V.
## FIRST CLAIM FOR RELIEF

22. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one (1) through twenty-one (21) above.

23. Defendant and its agents violated 15 U.S.C. § 1692f (6) by threatened to unlawfully repossess or disable Plaintiff's property, namely Plaintiff's present motor vehicle.

24. Defendant and its agents violated 15 U.S.C. § 1692d (2) by using profane and other abusive language.

25. Defendant and its agents violated 15 U.S.C. § 1692d (5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26. Defendant and its agents violated 15 U.S.C. § 1692c (b) by contacting a third party without Plaintiff's prior consent.

27. Defendant and its agents violated 15 U.S.C. § 1692b(3) by communicating with persons other than the consumer more than once.

28. Defendant and its agents violated 15 U.S.C. § 1692c(a) (1) by communicating with the Plaintiff, the consumer, at work which is an unusual time or place or time or place known or which should have been known to be inconvenient to the consumer.

29. Defendant and its agents violated 15 U.S.C. § 1692c(a) (3) by contacting Plaintiff's place of employment when Defendant knows or knew or had reason to know that Plaintiff's employer prohibits such communications.

30. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

VI.
SECOND CLAIM FOR RELIEF

31. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

32. Defendant and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

33. Defendant and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (5) by disclosing to a person other that the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

34. Defendant and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of Plaintiff's family.

35. Defendant and its agents' acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the above violations of the State of Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## VII.
## THIRD CLAIM FOR RELIEF

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act (FDCPA), when it stated as part of its findings:

<u>Abusive debt collection practices contribute</u> to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and <u>to invasions of individual privacy</u>.

15 U.S.C. § 1692 (emphasis added).

39. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

40. Defendant and its agents also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invading Plaintiff's right to financial privacy.

41. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of the Plaintiff's right to privacy.

42. Defendant and its agents undertook a series of communications to the Plaintiff's home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiff's right to privacy; after repeated requests that the Defendant no longer contact him. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying a debt.

43. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort and violated the Plaintiff's privacy.

44. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude,

seclusion, and or private concerns or affairs.

45. These intrusions and invasions by Defendant and its agents occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such invasion of privacy by Defendant and its agents, Defendant and its agents has caused Plaintiff to suffer emotional distress, embarrassment and humiliation, and Plaintiff requests an award of actual damages and for such other and further relief as may be just and proper.

## VIII.
## FOURTH CLAIM FOR RELIEF

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

49. Defendant knew or should have known that said conduct was improper.

50. Defendant negligently and wantonly failed to train and supervise the collector(s) in order to prevent said improper conduct.

51. As a result of Defendant's negligence and wantonness, the Plaintiff suffered embarrassment and humiliation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of the State of Florida Consumer Collection Practices Act;

B. Actual damages;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Statutory damages pursuant to Section 559.77, Florida Statutes

    E.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

    F.    For such other and further relief as may be just and proper.

## IV.
## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this <u>27th</u> day of October 2009.

**DICESARE, DAVIDSON, & BARKER, P.A.**

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
MARIO J. CABRERA, ESQUIRE
Florida Bar # 0001163
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-mail: mcabrera@ddblaw.com;
E-Mail: rbarker@ddblaw.com
Attorneys for Plaintiff